UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| JUSTIN HAMBRICK, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV416-160 |
| ) | CR415-026 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

After pleading guilty to possession of a stolen firearm, Justin Hambrick moves under 28 U.S.C. § 2255 for resentencing absent a Sentencing Guidelines enhancement for having one prior conviction for a crime of violence. Doc. 29.[1] Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his motion must be denied.

Hambrick's Presentence Investigation Report (PSR) set the base offense level for his Guidelines recommended sentence at 20 based on a prior burglary conviction. PSR ¶ 18; U.S.S.G. § 2K2.1(a)(4)(A) (setting a

---

[1] All citations are to the criminal docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

base level of 20 for defendants convicted of possession of a stolen firearm who have one prior felony conviction for a "crime of violence"). After adopting the PSR, the Court sentenced him to 64 months imprisonment. Doc. 25. In the instant § 2255 motion Hambrick argues that *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), eliminates his burglary conviction as a "crime of violence" for purposes of § 2K2.1, and thus that he no longer qualifies for its higher base offense level. Doc. 29 at 4.

The Armed Career Criminal Act ("ACCA") -- the statute *Johnson* addressed -- provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." It defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* found that "residual" clause so vague as to violate due process. *See* 135 S. Ct. at 2557.

The Guidelines define "crime of violence" using language identical to that in the ACCA. *See* U.S.S.G. § 4B1.2(a). That definition applies to

§ 2K2.1. *See United States v. Price*, 132 F. App'x 341, 342-43 (11th Cir. 2005) ("[C]rime of violence," as used in § 2K2.1, is given the same meaning as that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2.") (citing U.S.S.G. § 2K2.1 comment n.5). If (1) *Johnson*'s animating logic applies to the Guidelines, and (2) Hambrick's burglary conviction qualifies as a "crime of violence" under § 4B1.1's residual clause, his § 2K2.1 base offense level enhancement is unconstitutional.

*Johnson*, however, does not apply to the Guidelines.

> By its terms, the decision of the Supreme Court in *Johnson* is limited to criminal statutes that define elements of a crime or fix punishments. . . . The Armed Career Criminal Act defines a crime and fixes a sentence, *see* 18 U.S.C. § 924(e), but the advisory guidelines do neither.
>
> The Sentencing Guidelines are merely "the starting point and the initial benchmark," *Gall v. United States*, 552 U.S. 38, 49, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007), designed to "assist . . . the sentencing judge" in determining a sentence, *United States v. Tichenor*, 683 F.3d 358, 364 (7th Cir. 2012) (quoting *United States v. Brierton*, 165 F.3d 1133, 1139 (7th Cir. 1999)). In the end, a sentencing judge "must make an individualized assessment based on the facts presented" and "may not presume that the Guidelines range is reasonable." *Gall*, 552 U.S. at 50, 128 S.Ct. at 596–97. "The sentencing judge's authority to exercise discretion distinguishes the Guidelines from criminal statutes in a significant and undeniable manner." *Tichenor*, 683 F.3d at 365.

3

> The vagueness doctrine, which "rest[s] on [a] lack of notice," *Maynard v. Cartwright*, 486 U.S. 356, 361, 108 S.Ct. 1853, 1857, 100 L.Ed.2d 372 (1988), does not apply to advisory guidelines. The Supreme Court has explained that "[a]ny expectation subject to due process protection . . . that a criminal defendant would receive a sentence within the presumptively applicable guideline range did not survive [the] decision in *United States v. Booker*." *Irizarry v. United States*, 553 U.S. 708, 713, 128 S.Ct. 2198, 2202, 171 L.Ed.2d 28 (2008). Another circuit has already held that "[s]ince the Guidelines are merely advisory, defendants cannot rely on them to communicate the sentence that the district court will impose. Defendants' inability to look to the Guidelines for notice underscores why . . . they cannot bring vagueness challenges against the Guidelines." *Tichenor*, 683 F.3d at 365 (footnote omitted).
>
> 'Because there is no constitutional right to sentencing guidelines -- or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines -- the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague.' *United States v. Wivell*, 893 F.2d 156, 160 (8th Cir. 1990).

*United States v. Matchett*, 802 F.3d 1185, 1194-95 (11th Cir. 2015); *In re: Marvin Griffin*, ___ F.3d ___, 2016 WL 3002293 at * 4 (11th Cir. May 25, 2016) (even mandatory sentencing guidelines cannot be unconstitutionally vague).

It follows that Hambrick cannot look to *Johnson* to invalidate his § 2K2.1 enhancement. His Guidelines calculated sentence thus remains valid.

4

Accordingly, Hambrick's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).  Any motion for leave to appeal in forma pauperis therefore is moot.

**SO REPORTED AND RECOMMENDED**, this <u>28th</u> day of June, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA